UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID ANGEL SIFUENTES, III,

        Plaintiff,                         Case No. 1:24-cv-1044

v.                                          Honorable Paul L. Maloney

JOHN PRELESNIK et al.,

        Defendants.
_____/

**OPINION**

This is an action filed by a former state prisoner under 42 U.S.C. § 1983 related to Plaintiff's prior criminal prosecution, conviction, and imprisonment.[1] In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C.A. § 1915.

Federal district courts are required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Applying these standards, the Court will dismiss Plaintiff's request for injunctive relief as frivolous and will dismiss the remainder of Plaintiff's complaint on grounds of immunity and for failure to state a claim.

---

[1] Plaintiff's complaint challenges Plaintiff's past incarceration with the Michigan Department of Corrections and is, therefore, an "[a]ction by [a] . . . former prisoner . . . alleging a civil rights, Federal Tort Claims Act, or state law claim with respect to conditions of prison life, whether general circumstances or particular episodes." *See* Civil Nature of Suit Code Descriptions "555" (rev. Apr. 2021). Accordingly, the Court will direct the Clerk to update the docket to reflect that this action is a prisoner petition with nature of suit code "555."

**Discussion**

I. **Factual Allegations**

Following a jury trial in the Midland County Circuit Court, Plaintiff was convicted of third-degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520d(1)(b), and furnishing alcohol to a minor, in violation of Mich. Comp. Laws § 436.1701(1). Report and Recommendation, *Sifuentes v. Prelesnik*, Case No. 1:03-cv-637, ECF No. 43 (W.D. Mich. May 24, 2006). On November 9, 2000, the trial court sentenced Plaintiff to a term of imprisonment of 5 to 15 years. *Id.* By unpublished opinion issued on November 5, 2002, the Michigan Court of Appeals rejected Plaintiff's appellate arguments and affirmed Plaintiff's convictions and sentences. *Id.* No court has invalidated that result.

On October 4, 2024, after having served his sentence and no longer being in custody, Plaintiff filed his "complaint for damages and injunctive relief with declaration in support of complaint for violation of civil rights." (ECF No. 1, PageID.7.) Plaintiff sues John Prelesnik, who Plaintiff claims "was responsible for Plaintiff's past custody and any continuing collateral consequences stemming from the challenged conviction," and Michael D. Carpenter, Valerie R. Newman, and J. Dee Brooks for alleged violations of Plaintiff's constitutional rights. (*Id.*, PageID.8–9.) Plaintiff seeks monetary damages and injunctive relief, including "[a] writ of habeas corpus vacating [Plaintiff's] conviction[,] [e]xpungement of his criminal conviction[, and r]emoval of his name from the Michigan Sex Offender Registry." (*Id.*, PageID.11.)

II. **Requests for Injunctive Relief**

This is not Plaintiff's first request that this Court vacate his criminal convictions. In 2003, Plaintiff filed a habeas corpus action in this Court, which was denied on the merits. *Sifuentes v. Prelesnik*, Case No. 1:03-cv-637. Plaintiff went on to file several additional petitions seeking

habeas relief in that case, as well as a petition for habeas corpus in 2023, *Sifuentes v. Michigan, State of*, Case No. 1:23-cv-220 (W.D. Mich).

On September 11, 2014, Plaintiff filed yet another civil action, seeking the same monetary and injunctive relief that Plaintiff seeks here. *See* Petition and Amended Petition, *Sifuentes v. Prelesnik*, Case No. 1:24-cv-934, ECF Nos. 1, 6. (W.D. Mich.). On September 24, 2024, this Court entered an order construing that action as one for habeas relief, and informing Plaintiff that he cannot seek damages and habeas relief in a single action. Ord. *Sifuentes v. Prelesnik*, Case No. 1:24-cv-934, (ECF No 8). The Court directed Plaintiff to file a second amended habeas petition on the required form "raising only those claims for relief that can be provided in a habeas action." *Id*. The Court further informed Plaintiff that, to the extent that he intends to pursue claims for damages, "Plaintiff should complete the approved form complaint and file it as a new civil action." *Id*. Plaintiff filed the present action on October 4, 2024, while Case No. 1:24-cv-934 remains pending.

Plaintiff's present complaint continues to seek damages and habeas relief in a single action. As Plaintiff was previously informed in Case No. 1:24-cv-934, courts are generally reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a prisoner to transform a § 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action

3

involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit").

Moreover, Plaintiff's identical request for injunctive relief is properly dismissed as duplicative and, therefore, frivolous. "Federal courts do . . . retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Parties generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).

Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter," *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

An action is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although actions may not "significantly differ," they need not be

identical. Courts focus on the substance of the complaint, or in the case of Case No. 1:24-cv-934, the petition. *See, e.g., Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

Considering the substantial identity between the legal claims, factual allegations, and injunctive relief sought in the present complaint and in Plaintiff's petition in Case No. 1:24-cv-934—which remains pending—pursuant to the Court's inherent power, the Court will dismiss Plaintiff's request for injunctive relief because it is duplicative and, therefore, frivolous. The Court will consider only Plaintiff's request for monetary damages, which the Court previously instructed could be raised in this new and separate civil action.

### III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff has identified four causes of action against Defendants stemming from his criminal prosecution and convictions: malicious prosecution, ineffective assistance of counsel, prosecutorial misconduct, and a speedy trial violation. (ECF No. 1, PageID.10.) The Court will address each of Plaintiff's claims in turn.

### A. Malicious Prosecution

The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright,* 449 F.3d 709, 715–16 (6th Cir. 2006) (internal quotation marks omitted). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Wallace v. Kato,* 549 U.S. 384, 390 (2007)). A malicious prosecution claim requires the following:

> (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty . . . apart from the initial seizure"; and (4) that "the criminal proceeding must have been resolved in the plaintiff's favor."

*Tlapanco v. Elges*, 969 F.3d 638, 654–55 (6th Cir. 2020) (quoting *Sykes*, 625 F.3d 294 (brackets and quotations marks omitted)).

As the fourth element requires, a claim based on the wrongfulness of Plaintiff's prosecution and continued detention cannot be brought unless and until criminal proceedings terminate in his favor. *Sykes*, 625 F.3d at 309 (citing *Heck*, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.")). The Michigan Court of Appeals has affirmed Plaintiff's criminal convictions, and no other court has invalidated that result. Accordingly, Plaintiff cannot state a claim for malicious prosecution.

### B. Ineffective Assistance of Counsel

Plaintiff claims that his trial and appellate counsel were constitutionally ineffective. However, Plaintiff's prior counsel are not state actors subject to liability under § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). It is well-settled that retained and appointed attorneys functioning as defense counsel do not act "under color of law" and are not state actors subject to suit under § 1983. *See White v. Robertson-Deming*, 9 F. App'x 418, 419–20 (6th Cir. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an

7

officer of the court, a state actor under color of state law within the meaning of § 1983." (citation omitted)). Accordingly, Plaintiff cannot state a § 1983 claim for ineffective assistance of counsel against his former attorneys, as they were not acting under the color of state law within the meaning of the statute.

### C. Prosecutorial Misconduct

Plaintiff alleges that the prosecutor committed misconduct during Plaintiff's 2000 criminal prosecution and convictions. However, it is well settled that a prosecutor is entitled to absolute immunity for any such conduct under § 1983.

The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate, *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003), which include the initiation and pursuit of a criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). In contrast, investigatory or administrative functions that are normally performed by a detective or police officer, are not entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276–78 (1993); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797.

Here, any actions by the prosecutor in charging Plaintiff and prosecuting him for violations of state law are intimately associated with the judicial phase of the criminal process. Accordingly, the Court will dismiss Plaintiff's claim of prosecutorial misconduct based upon absolute immunity.

### D. Speedy Trial Violation

Finally, Plaintiff's claim that his right to a speedy trial was violated is barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that a state prisoner cannot assert a cognizable claim for damages under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (footnote omitted).

"The sole remedy for a violation of the speedy trial right [is] dismissal of the charges." *Betterman v. Montana*, 578 U.S. 437, 444 (2016) (internal citations omitted). Thus, Plaintiff's only avenue of relief for this alleged violation of his rights is to successfully appeal his conviction or to seek relief through a habeas petition. *Heck* bars Plaintiff from seeking relief here.

### E. State Law Claims

Finally, as noted above, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton*, 27 F.3d at 1166. To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over any state-law claim, the Court declines to exercise jurisdiction.

Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law

9

claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, because Plaintiff's federal claims will be dismissed in their entirety, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice to Plaintiff's ability to raise those claims in the state courts.

## **Conclusion**

Having conducted the review required by 28 U.S.C. § 1915(e)(2)(B), the Court determines that Plaintiff's claims for injunctive relief will be dismissed as duplicative and frivolous. Plaintiff's federal claims for monetary damages will be dismissed on grounds of immunity and for failure to state a claim. The Court will dismiss any state law claims without prejudice to Plaintiff's ability to raise those claims in the state courts.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the

Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

    A judgment consistent with this opinion will be entered.

Dated:   October 17, 2024                 /s/ Paul L. Maloney  
                                                            Paul L. Maloney  
                                                            United States District Judge